UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
MICHAEL KORABIK and TRACEY KORABIK,

                        Plaintiffs,                    **MEMORANDUM AND ORDER**
                                                                 **13-CV-201 (DRH)(AKT)**

        -against-

ARCELORMITTAL PLATE LLC,

                        Defendant.

-------------------------------------------------------X

**APPEARANCES:**

**For the Plaintiffs:**
**KELLY, LUGLIO & ARCURI, LLP**
2023 Deer Park Ave.
Deer Park, New York 11729
By:    Andrew A. Arcuri, Esq.

**For the Defendant:**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
10 Bank Street, Suite 700
White Plains, New York 10606
By:    Mark E. Thabet, Esq.

**HURLEY, Senior District Judge:**

       Michael Korabik and Tracey Korabik ("plaintiffs") commenced this action in Suffolk County Supreme Court against defendant Arcelormittal Plate LLC ("defendant") asserting negligence and personal injury claims. Subsequently, defendant removed this action to the Eastern District of New York based on diversity jurisdiction. Presently before the Court is defendant's motion to transfer this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

# BACKGROUND

Plaintiffs' claims arise from an accident on defendant steel company's premises in Coatesville, Pennsylvania that occurred when defendant's employees were loading steel products onto Mr. Korabik's vehicle. Plaintiffs allege that as a result of the negligence of defendant and/or its employees, Mr. Korabik suffered severe personal injuries and required medical care.

# DISCUSSION

## I.  *Transfer of Venue*

A federal district court may transfer a civil action "to any other district or division where it might have been brought" when transfer will serve "the convenience of parties and witnesses" or furthers "the interest of justice." 28 U.S.C. § 1404(a). On a motion to transfer, the movant bears the burden of establishing that the motion should be granted. *Factors Etc., Inc. v. Pro Arts Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *cert denied*, 440 U.S. 908 (1979). Here the defendant must establish both (1) that the actions could have been brought in the proposed transferee district and (2) that transfer serves the convenience of parties and witnesses or is in the interests of justice. "In considering a motion to transfer venue, the court should give the plaintiffs' choice of forum substantial weight, and should not disturb that choice unless other factors weigh heavily in defendants' favor." *Adams v. Key Tronic Corp.*, 1996 WL 474172 (Aug. 21, 1996 S.D.N.Y.) (internal citations and quotation marks omitted). Moreover, "it is difficult to catalogue the circumstances which will justify either granting or denying the remedy of transfer, and much is left to the discretion of the Court." *Skultety v. Penn. R. Co.*, 91 F. Supp. 118, 119 (S.D.N.Y. 1950.)

## II.     *Whether the Action Could Have Been Brought in the Eastern District of Pennsylvania*

Pursuant to 28 U.S.C. § 1391(b), "a civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." According to defendant, venue is proper in the Eastern District of Pennsylvania because "the facility where [the] accident occurred is located in Coatesville, Pennsylvania, which is within that Eastern District," and "the operative facts giving rise to Plaintiffs' claims – the alleged event where Korabik was injured – occurred at the facility in Coatesville, Pennsylvania." (Def.'s Reply at 2-3.) Plaintiffs do not challenge whether their claims could have been brought in the Eastern District of Pennsylvania. Therefore, for purposes of this motion, the Court will assume that plaintiffs could have properly commenced this action in the Eastern District of Pennsylvania. As discussed below, however, the Court will not transfer this action because defendant has not met its burden in demonstrating that a transfer would serve the convenience of the witnesses or the interests of justice.

## III.    *Whether Transfer Will Serve the Convenience of the Witnesses or the Interests of Justice*

*Location of Witnesses and Evidence*

Defendant argues that this action should be transferred because "the location of the witnesses and evidence strongly favors adjudication in Pennsylvania." (Def.'s Mem. in Supp. at 3.) Convenience of witnesses is the most powerful factor governing the decision to transfer a case. *Saminsky v. Occidental Petroleum Corp.*, 373 F. Supp. 257, 259 (S.D.N.Y. 1974). Courts consider the convenience of witnesses both to minimalize the burden they must face, and to secure live testimony at trial. "A party seeking to transfer based on the convenience of the witnesses must provide the court with a list of probable witnesses who will be inconvenienced by the current forum and a general statement of what the witnesses' testimony will cover in order

for the moving party to meet its burden of proof." *Wechsler v. Macke In'l Trade Inc.*, 1999 WL 1261251 (S.D.N.Y. Dec. 27, 1999).

In defendant's Rule 26 disclosure, defendant has identified eight witnesses residing in Pennsylvania who "may have" information relevant to the issues at hand. (Arcuri Decl. Ex. B.) Plaintiffs argue, however, that since defendant "has not and cannot state that the individuals will be called as witnesses by the defendant at trial" and has not alleged that "even one of the witnesses is necessary or essential," defendant's basis for the motion is not credible. (Pls.' Mem. in Opp'n at 7-8.) Plaintiffs base this argument on *Skultety v. Pennsylvania R. Co.*, 91 F. Supp 118, 120 (S.D.N.Y. 1950), where the court denied a motion to transfer venue where "nowhere in the moving party's papers [did] there appear an allegation that the testimony of any of the listed parties [was] necessary or essential or that they [would] in fact testify." Looking solely at defendant's Rule 26 Disclosure, the Court is not persuaded to transfer this action. Defendant states only that those persons identified in the list "may have" relevant information and as in *Skultety*, does not state that any of the individuals will be called as witnesses or that their testimony is essential. Moreover, for some witnesses, defendant does not even identify what the witness's testimony will cover. "[I]n view of the equivocal language which the defendant uses," *id.*, the defendant's Rule 26 witness list does not obviate the need for a transfer.

In defendant's reply papers, however, defendant points to three witnesses residing in Pennsylvania that defendant identified in its response to plaintiffs' interrogatories and whom defendant claims will testify. According to defendant, each witness will testify that Mr. Kousisis, defendant's employee who operated the crane during the accident, "did not commit a negligent error and that the subject crane did not malfunction." (Def.'s Reply at 5.) The Court notes that there is a cumulative aspect to the testimony since each witness will testify as to the

same topic. *See Advance Relocation & Storage, Inc. v. Wheaton Van Lines, Inc.*, 2000 WL 33155640, at *6 (E.D.N.Y. Sept. 15, 2000) (citing *Wechsler*, 1999 WL 1261251, at *7). Assuming, however, that all three witnesses identified by defendant were to testify, since plaintiffs have also identified at least three witnesses who would be inconvenienced by the transfer, an analysis of this factor does not weigh in favor of transfer. In plaintiffs' Rule 26(a)(1) supplemental disclosures, plaintiffs have identified at least three potential witnesses residing in New York who would testify regarding different aspects of Mr. Korabik's medical treatment in New York including his hand surgery on October 2, 2012 and follow-up treatment and would be inconvenienced by a transfer to Pennsylvania. (Arcuri Decl. Ex. A to; Pl.'s Mem. in Opp'n at 2.) Taking into consideration the inconvenience a transfer would impose on plaintiffs' witnesses, this factor does not weigh in defendant's favor. [1] *See Advance Relocation*, 2000 WL 33155640, at * 8 (weighing inconvenience to plaintiff witnesses against inconvenience to defendant witnesses); *Wechsler*, 1999 WL 1261251, at *7 (same).

*Location of Events*

"[T]he place where the operative facts occurred is 'traditionally an important factor to be considered in deciding where a case should be tried.' " *Advance Relocation*, 2000 WL 33155640, at *8 (citing *Wechsler*, 1999 WL 1261251, at *4). In analyzing this factor, courts consider "the relative ease of access to the sources of proof." *Wine Markets Int'l, Inc. v. Bass*, 939 F. Supp. 178, 182 (E.D.N.Y. 1996). In terms of the sources of proof, the Court has already found that the location of the witnesses does not weigh in favor of transfer. Moreover, even though Mr. Korabik's injury occurred in Pennsylvania, defendant has not identified any

---

[1] Defendant's identification of additional potential witnesses Jim Styer, Robert March, Pat Columbia, and Justin R. Wrabley does not change the Court's conclusion since defendant provides no indication that the testimony of these individuals is essential or that they will in fact testify, and in some cases the defendant fails to specify what these witnesses will testify about.

documents located in Pennsylvania which would be burdensome to produce in New York. Defendant argues that this action should be transferred because a jury would "benefit from visiting the location of the incident to better understand where Korabik was standing and what he was doing when he sustained his alleged injury" and "[i]f there is to be any inspection of the subject crane, it must occur at the Defendant's facility in Coatesville." (Reply at 8.) The Court notes that having the jury visit the site of an accident is not typical, and defendant has not stated any reason that would make such a visit likely in this case. Moreover, the Court cannot base a transfer on defendant's speculations of what is "far from certain" to occur at trial or in the course of this litigation. *Skultety*, 91 F. Supp. at 120. As a result, the location of the events does not weigh in favor of a transfer.

*Totality of the Circumstances*

Defendant has not met its burden in persuading the Court to transfer this action to the Eastern District of Pennsylvania. As discussed above, defendant has not shown that this action should be transferred due to the convenience of the witnesses or the fact that the accident took place in Pennsylvania. The Court notes that generally, a "[p]laintiffs' choice of forum is to be respected by the Court." *Levy v. Air Products Chemicals, Inc.*, 1993 WL 657856, at *2 (E.D.N.Y. Sept. 29, 1993). Although, as defendant argues the plaintiff's choice is not given the weight it normally receives when "the litigation has little material connection with the forum," (Def.'s Reply at 9), that is not the situation here since Mr. Korabik received a great majority of his medical treatment in New York. As a result, the Court declines to transfer this case to the Eastern District of Pennsylvania.

**CONCLUSION**

For the aforementioned reasons, defendant's motion to transfer venue is denied.

**SO ORDERED.**

Dated: Central Islip, New York
      July 2, 2014

                                      _____/s/_____
                                        Denis R. Hurley
                                        United States District Judge