**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MICHAEL KORABIK and
TRACY KORABIK,

                        Plaintiffs,

         - against -

ARCELORMITTAL PLATE LLC,

                        Defendant.
-----------------------------------------------------------X

**ORDER**

CV 13-201 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Presently before the Court is Defendant Arcelormittal Plate LLC's ("Defendant") letter motion requesting that the Court set the expert deposition fee Defendant must pay for the deposition of Plaintiffs' expert, Dr. Neal Hochwald ("Dr. Hochwald") which took place on January 15, 2015. *See* DE 57. Prior to the deposition, Plaintiffs' counsel informed Defendant that Dr. Hochwald's fee would be $2,500.00. *See* DE 57-2. Although Defendant does not dispute that it is required to pay Dr. Hochwald a reasonable fee, the Defendant argues that the fee sought is "exorbitant," and, instead, requests that the Court issue an Order setting Dr. Hochwald's fee "in a range of $400 per hour" for time spent at his deposition. *See* DE 57 at 3; DE 57-3.

**II.    LEGAL STANDARD**

The Federal Rules of Civil Procedure state that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Pursuant to Rule 26(b)(4)(C), "[u]nless manifest injustice would result, the court

must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(C)(i). Courts in this District consider the following factors in determining the reasonableness of a fee:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

*Magee v. The Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645 (E.D.N.Y. 1997) (internal citations omitted); *see also Ortiz v. Aircraft Service Int'l Group*, No. 12 CV 3233, 2013 WL 5307995, at *1 (E.D.N.Y. Sept. 19, 2013); *Conte v. Newsday, Inc.*, No. 06-4859, 2011 WL 3511071, at *2 (E.D.N.Y. Aug. 10, 2011); *Mathis v. NYNEX*, 165 F.R.D. 23, 24-25 (E.D.N.Y. 1996) (listing same factors). "None of the foregoing factors have talismanic qualities. Instead, they provide a guide for the Court to utilize." *Magee*, 172 F.R.D. at 645.

The party seeking to be reimbursed bears the burden of demonstrating that the fee sought is reasonable. *See New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 468 (W.D.N.Y. 2002); *Conte*, 2011 WL 3511071, at *2. However, where the party seeking reimbursement fails to meet its burden, "the court may use its discretion to determine a reasonable fee." *Solvent Chem. Co.*, 210 F.R.D. at 468.

## III. DISCUSSION

In this case, Plaintiffs' here failed to meet their evidentiary burden with regard to supporting the reasonableness of Dr. Hochwald's flat fee of $2,500. Although Plaintiffs did file

2

a response to Defendant's motion, the response was devoid of any case law supporting the position that Dr. Hochwald's fee was reasonable. *See* DE 58. In addition, Plaintiffs did not attempt to address any of the eight factors for reasonableness cited above. *Id*. Plaintiffs would have this Court infer the reasonableness of Dr. Hochwald's $2,500 flat fee simply because Plaintiffs' counsel was "able to convince Dr. Hochwald to significantly reduce his fee." *Id*. Counsel states that "due to [counsel's] efforts, [counsel] was ultimately successful [in] having the fee reduced to $2,500 after arrangements were made to conduct the deposition at Dr. Hochwald's office." *Id*. However, this rank assertion, without any evidence or case law to support it, falls far short of the showing Plaintiffs must make here since Plaintiffs bear the burden of establishing "reasonableness." As such, the Court shall exercise its discretion to determine a reasonable fee based upon the facts of this case in the context of prevailing case law.

The only evidence presented to the Court comes from Defendant's counsel who provided a copy of Plaintiff's Rule 26 expert disclosures of Dr. Hochwald, a supplement to Plaintiffs' expert disclosures and Dr. Hochwald's deposition testimony itself. *See* DE 57-4; 57-5. Dr. Hochwald is a board certified orthopaedic surgeon who has been licensed to practice in the State of New York since 1993. *See* Deposition Transcript of Dr. Neal Hochwald, dated January 15, 2015 ("Hochwald Dep.") [DE 57-5], at 5. In addition to his board certification, Dr. Hochwald completed a fellowship in hand surgery at the Hospital for Joint Diseases in New York. *Id*. at 6. Dr. Hochwald also passed an examination for additional credentialing in surgery for the hand. *Id*.

An experienced orthopaedist, Dr. Hochwald is being proffered in this litigation both as Plaintiff Michael Korabik's treating physician and as an expert. Plaintiffs' supplement to its expert disclosure states that Dr. Hochwald will testify in regard to:

> the medical treatment required by Plaintiff Michael Korabik concerning the amputation to the right long finger. He will offer evidence and an opinion regarding the medical necessity for surgical intervention, the options available to plaintiff pre-surgically, the requirement for further revision amputation on an urgent basis up to the distal phalanx with advanced closure. He will offer an opinion regarding the advanced closure of the injury site, the requirement for further treatment, and the possibility of healing without further surgical intervention.

*See* DE 57-5.

Apart from the above disclosure, the Court has not been provided with any other information addressing the remaining factors used to determine the reasonableness of an expert's deposition fee. Therefore, based on the limited information provided to the Court, coupled with the rates provided to other orthopaedists in this district, the Court finds that a flat fee of $2,500 dollars is unreasonable. *See Kreyn v. Gateway Target*, No. CV-05-3175, 2008 WL 2946061, at *1 (E.D.N.Y. July 31, 2008) ("A flat fee for an expert's appearance, however, is generally unreasonable."); *see Mannarino v. United States*, 218 F.R.D. 372, 375 (E.D.N.Y. 2003); *Nnodimele v. City of New York*, No. 13-CV-3461, 2015 WL 4461008, at *2 (E.D.N.Y. July 21, 2015) ("Flat fees are disfavored because courts expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled.") (internal quotations and citation omitted). In contrast to the unsupported flat fee amount requested by Plaintiffs, Defendant asks that Dr. Hochwald's fee be set at an hourly rate in the range of $400 per hour.

Such a range, according to Defendant, is presumptively reasonable based upon prevailing case law. *See* DE 57. Because flat fees are disfavored, the Court agrees with this approach.

Dr. Hochwald's deposition was conducted at his office in Huntington, New York. Hochwald Dep. at 4. While Plaintiffs' counsel appeared in person for the deposition, Defendant's counsel appeared by telephone. *Id*. at 2. The deposition lasted a total of 25 minutes and, according to Dr. Hochwald, involved no previous substantive preparation. DE 57; Hochwald Dep. at 6. This deposition had originally been scheduled to take place at the White Plains law offices of Plaintiffs' counsel. However, Dr. Hochwald "viewed a White Plains deposition as being a full day proposition that warranted cancelling all appointments and transportation to and from the deposition" which in turn resulted in an initial fee request of $8,000. *See* DE 57-1; 58. After Plaintiff's counsel "pointed out to [Dr. Hochwald] that he could see patients prior to the 11 a.m. deposition" Dr. Hochwald agreed to reduce his fee to $2,500. *See* DE 58.

Given the facts of this case, the recent decision in *Nnodimele v. City of New York* is instructive. *Nnodimele* involved a situation where the flat fee sought by plaintiff's expert was rejected by the court. *Id*., 2015 WL 4461008, at *3. Specifically, the plaintiff in *Nnodimele*, sought to take the deposition of a retired New York City Police Department Lieutenant Commander who also held the position of Deputy Chair of the Law, Police Science, and Criminal Justice Administration Division at John Jay College of Criminal Justice. The witness was deemed an expert in the area of police practices. *Id*. at *1. Plaintiff's expert sought a flat fee of $2,500 for the time spent during the day of the deposition "which included eight hours of deposition testimony, as well as two hours meeting with plaintiff's counsel and two hours travel

time." *Id*. Plaintiff claimed that this flat fee was reasonable, in part, since plaintiff's expert would be "unavailable to do other work on the day of the deposition." However, the court noted that the expert in *Nnodimele* "charges this flat fee regardless of the length of the deposition, which necessarily would have an effect on whether [the expert] was available to do other work on the day of the deposition." *Id*. at 3. As such, the court determined that the flat fee was unreasonable and instead found that an hourly rate of $200 was appropriate. *Id*. In addition, the court recognized that the simple fact that the total flat fee broke down to an approximate hourly rate of $200 – the same hourly rate awarded by the court – was inapposite since the mere fact that the "agreed-upon hourly rate multiplied by the number of hours actually incurred . . . happens to approximate the requested flat-rate fee does not render the use of a flat flee more reasonable." *Id*.

In the instant case, Plaintiffs' expert, Dr. Hochwald, sought a $2,500 fee for his deposition testimony. However, unlike the expert in *Nnodimele*, Dr. Hochwald spent only 25 minutes testifying, did not otherwise engage in substantive preparation for the deposition and did not incur any travel expenses. In addition, Dr. Hochwald was able to see patients at least until 11 a.m., the start time for the deposition. Even assuming he was not able to see patients during the balance of the day, Dr. Hochwald was nevertheless able to conduct his own professional business for the rest of the workday given the short length of the deposition. Further, in its response to Defendant's motion, Plaintiffs' counsel offered no evidence from which this Court could infer that the flat fee sought is otherwise reasonable, especially in light of the underlying facts of this case and in view of prevailing case law. When viewed against the factual backdrop in *Nnodimele*, Plaintiffs' request for a flat fee of $2,500 is unreasonable in this case.

Dr. Hochwald is, of course, entitled to a reasonable hourly rate of compensation for "the hours actually expended in connection with a deposition." *Kreyn*, 2008 WL 2946061, at *1. In this district, "expert orthopedic surgeons consistently have been awarded $400 per hour." *Ortiz* 2013 WL 5307995, at *2; *see Broushet v. Target Corp.*, 274 F.R.D. 432, 434 (E.D.N.Y. 2011) (awarding $400 per hour to orthopaedic surgeon for time spent preparing for and testifying at deposition); *Casiano v. Target Stores*, No. 06 CV 6286, 2008 WL 3930558, at *2 (E.D.N.Y. Aug. 21, 2008) (finding a rate of $400 per hour "more than reasonable" for orthopaedic surgeon); *Kreyn*, 2008 WL 2946061, at *2 (finding expert fee of $400 per hour reasonable for orthopaedist who was the plaintiff's treating physician); *but see Reit v. Post Props., Inc.*, No. 09 CV 5455, 2010 WL 4537044, at *6 (S.D.N.Y. Nov. 4, 2010) (reducing deposition hourly rate for orthopaedist from $550 to $250). Based on these decisions, the Court finds that $475 per hour is a reasonable fee at this point in time and that Dr. Hochwald should be compensated accordingly.

IV. <u>CONCLUSION</u>

Based on the foregoing analysis, the Defendant's motion is GRANTED. The Court sets Dr. Hochwald's expert fee with regard to attending his deposition at the hourly rate of $475 per hour. The Defendant is directed to make payment within 14 days of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
September 29, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

7